UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA M. AMATO, *et al.*, *Pro Se,* | ) | Case No.: 1:24 CV 305 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, *et al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are *Pro Se* Plaintiff Jessica M. Amato's Motion to Show Cause (ECF No. 5), and Jessica M. Amato ("Ms. Amato" or "Plaintiff Amato") and John Prokop's ("Mr. Prokop") (together, "Plaintiffs"), *pro se*, Motion for Default (ECF No. 16) and Motion to Strike (ECF No. 18). Also pending are Defendant Nationstar Mortgage, LLC, dba Mr. Cooper's ("Mr. Cooper") Motion to Dismiss Plaintiff Amato's original Complaint (ECF No. 7), and Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 12) ("Def.'s Mot.").

For the reasons that follow, the court denies Plaintiffs' Motion to Show Cause (ECF No. 5), Motion for Default (ECF No. 16), and Motion to Strike (ECF No. 18). The court denies Defendant Mr. Cooper's Motion to Dismiss Plaintiff Amato's original Complaint (ECF No. 7) as moot. The court grants Mr. Cooper's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 12) in regard to Plaintiffs' claims for violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, Home Ownership and Equity Protection Act, and Fair Debt Collection Practices Act. The court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

# I. BACKGROUND

On February 16, 2024, Plaintiff Jessica M. Amato, *Pro Se*, filed a Complaint against Mr. Cooper for mortgage fraud under federal and state law. (ECF No. 1.) On March 13, 2024, Plaintiffs filed an Amended Complaint ("Am. Compl."), adding John Prokop as a plaintiff and adding fifty unnamed Defendants. (Am. Compl., ECF No. 8.) Plaintiffs allege that they are residents and owners of a property in Perry, Ohio, who borrowed $294,467 on or about June 20, 2019, from Defendants. (*Id.* ¶ 5.) Plaintiffs further allege that Defendants provided Plaintiffs with a "sub-prime" loan despite their qualification for a prime rate and failed to explain the workings of the rate, how it was computed, and the inherent volatility. (*Id.* ¶¶ 5–7.) In addition, Plaintiffs allege that, without their knowledge, Mr. Cooper transferred the note on their loan to an unknown servicer. (*Id.* ¶ 8.) Plaintiffs assert the following causes of action:

> 1) Truth in Lending Act ("TILA"), 15 U.S.C §1611 *et seq.*,
> 2) Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2605 *et seq.*,
> 3) Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602 *et seq.*,
> 4) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,
> 5) Breach of Fiduciary Duty,
> 6) Breach of Covenant of Good Faith and Fair Dealing,
> 7) Injunctive Relief requiring Defendants to produce the original mortgage note,
> 8) Injunctive Relief to extinguish Defendants' rights to the property in question,
> 9) Declaratory Relief as to the ownership rights of the parties,
> 10) Fraud against all Defendants,
> 11) Fraud against Mr. Cooper, and
> 12) Fraud under the Ohio Residential Mortgage Loan Act ("RMLA"), Ohio Rev. Code § 1322.01 *et seq*.

# II. LEGAL STANDARDS

**A.      Motion for Order to Show Cause**

In this Circuit, "the basic proposition [is] that all orders and judgments of courts must be complied with promptly." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987) (internal citations omitted). Thus, a finding of civil contempt may be appropriate when a party disobeys a lawful court order. *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998).The power of the court to hold a party in contempt is "a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *NLRB*, 829 F.2d at 590–91.

The court may hold a party in contempt if the moving party can show by "clear and convincing evidence" that the opposing party violated "a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id.* at 591. There is no requirement of willfulness to establish civil contempt, and thus "the intent of a party to disobey a court order is 'irrelevant to the validity of [a] contempt finding.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

**B.     Motion for Default**

The Federal Rules of Civil Procedure govern the entry of defaults and default judgments. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk enters default, the well-pled factual allegations in the complaint generally are accepted as true for purposes of liability, but not as to damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Once the Clerk enters default,

the court then determines whether the party has sufficiently stated a claim for relief as to each cause of action for which they seek default judgment based on those factual allegations deemed as true. *See J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008). As for damages, the court may conduct a hearing to determine the appropriate amount of damages to award. *See* Fed. R. Civ. P. 55(b)(2).

C.     **Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including an affirmative defense. However, motions to strike are generally disfavored. In *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted), the Sixth Circuit explained:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice . . . .

The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. Nonethetheless, courts retain "liberal discretion" to strike filings as they deem appropriate. *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009) (citation omitted).

D.     **Motion to Dismiss**

**1. 12(b)(1)**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient

treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Therefore, "[a] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### 2. 12(b)(6)

The United States Supreme Court clarified the law regarding what a plaintiff must plead in order to survive a motion made pursuant to Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court, in *Iqbal*, further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

**A.     Jurisdiction**

As a threshold matter, the court notes that a pleading which states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Plaintiffs fail to do so in their Amended Complaint. Plaintiff Amato's original Complaint states that the court has jurisdiction under the False Claims Act, which is not raised in Plaintiffs' Amended Complaint, and "pursuant to 28 USC Ch. 85." Therefore, construing *pro se* Plaintiffs' Amended Complaint liberally, the court assumes that the alleged violations of federal law are before the court on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and the state law claims are before the court based on supplemental jurisdiction pursuant to 28 U.S.C.§ 1367(a).

**B.     Motion to Dismiss Original Complaint**

Plaintiffs have filed an Amended Complaint which Mr. Cooper has moved to dismiss. Thus, the court denies Mr. Cooper's Motion to Dismiss the original Complaint (ECF No. 7) as moot.

**C.     Motion to Show Cause**

Plaintiff Amato's Motion to Show Cause requests that the court order Defendants to show

cause "(1) why the Defendants and its agents, i.e., Third-Party Attorneys should be ordered to disclose 'produce' any and all proper documentation plaintiffs so requested, stated in his original complaint. Defendants should be ordered to show cause and produce factual evidence in support of their wrongful acts." (ECF No. 5 at PageID 93.) Plaintiff Amato appears to request that this court require Mr. Cooper to produce the promissory note which Plaintiff asserts is necessary for Defendants to foreclose on Plaintiffs' home. (*Id.* at PageID 85.) In response, Defendant argues that 1) an order to show cause would be improper as Mr. Cooper is not in violation of any court order, and 2) Ms. Amato is not entitled to injunctive relief because there is no allegation that Mr. Cooper is seeking to foreclose on the mortgage and they in fact are not. (ECF No. 10 at PageID 158, Opp'n to Mot. to Show Cause.) Defendant's first argument is well-taken. No court order of the nature Plaintiff Amato references has been issued, therefore Defendants could not be in violation of any such order. Moreover, Plaintiff Amato's Motion makes no allegation that Defendant Mr. Cooper is seeking to foreclose on the loan. Mr. Cooper asserts that the loan is current, and provides a payment schedule reflecting an account in good standing to support this assertion. (ECF No. 10–2, Opp'n to Mot. to Show Cause.) Plaintiff Amato moves this court to order Defendants to prove that they are entitled to foreclose on a mortgage, apparently prior to Defendants ever instituting foreclosure. Thus, Plaintiff's Motion is not ripe for judicial resolution. As a result, Plaintiff Amato's Motion to Show Cause (ECF No. 5) is denied.

**D.      Motion for Default Judgment**

Plaintiffs have filed a Motion for Default Judgment (ECF No. 16), pursuant to Federal Rule of Civil Procedure 55 ("Rule 55"), arguing that Mr. Cooper failed to answer Plaintiffs' Amended Complaint (ECF No. 8). (ECF No. 16.) Mr. Cooper argues that it is not in default because the

company timely filed a Motion to Dismiss the Amended Complaint (ECF No. 12). (ECF No. 17 at PageID 255–56.)

Federal Rule of Civil Procedure 12(a)(4) states:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days *after notice of the court's action*;

(Fed. R. Civ. P. 12(a)(4)) (emphasis added). Therefore, a defendant may satisfy the Rule 55 requirements by filing a motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(a)(4); *see also Sandoval v. Bluegrass Regl. Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (6th Cir. 2000) (finding that the defendant satisfied the Rule 55 requirement that a party "otherwise defend" itself by filing a motion to dismiss); *Phelps v. Am. Gen. Fin. Servs.*, No. CIV. 08-CV-10552, 2008 WL 3978318, at *3 (E.D. Mich. Aug. 22, 2008) ("[A] defendant may properly defend as required by Fed.R.Civ.P. 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim."). Mr. Cooper timely filed a Motion to Dismiss the Amended Complaint (ECF No. 12) on March 21, 2024, eight days after the Amended Complaint (ECF No. 8) was filed on March 13, 2024. The court has not yet made a ruling with respect to that Motion. Thus, Mr. Cooper is not in default, and Plaintiffs' Motion for Default (ECF No. 16) is denied.

**E.  Motion to Strike**

Relatedly, Plaintiffs filed a Motion to Strike Mr. Cooper's response to the Motion for Default due to late service. (ECF No. 18.) Mr. Cooper's Certificate of Service of the Opposition is dated July 31, 2024, one day after the Motion for Default was filed. (ECF No. 17 at PageID 5.) Plaintiffs assert that they did not receive service of the Opposition until September 6, 2024, a delay of more than a

month. However, service is considered complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Thus, Defendant served its Opposition in timely compliance with the relevant rules and Plaintiffs' Motion to Strike (ECF No. 18) is denied.

**F.     Motion to Dismiss**

Defendant Mr. Cooper moves the court to dismiss Plaintiffs' Amended Complaint as frivolous, thus depriving the court of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As stated above, "[a] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A case is frivolous "where it lacks an arguable basis either in law or in fact." *Perry v. Broad. Music, Inc.*, 23 F. App'x 210, 211 (6th Cir. 2001) (unpublished) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *See also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) ("A substantial federal question is presented as long as the pleadings invoking federal question jurisdiction are not 'so attenuated and unsubstantial as to be absolutely devoid of merit[.]'"). Plaintiffs allege that Defendants engaged in predatory lending practices in violation of federal and state law. The court does not find that those claims as alleged are so implausible and attenuated as to warrant a dismissal pursuant to Federal Rule Civil Procedure 12(b)(1) on the ground of being frivilous in their Amended Complaint.

Next, Mr. Cooper moves the court to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The court will address each claim in turn.

**1. Truth in Lending Act, 15 U.S.C §1611 et seq.**

Plaintiffs allege that Defendants have violated 15 U.S.C. § 1635(a) and Regulation Z § 226 by "failing to deliver to Plaintiffs two copies of a notice to rescind[.]" (Am. Compl. ¶ 9.) Further, Plaintiffs allege that Mr. Cooper violated TILA by refusing to validate or provide a full accounting of the finance charges and fees on the loan, improperly retaining funds, and by failing to disclose the ownership status of the "loans." (Am. Compl. ¶ 18.) Plaintiffs argue that the alleged violations necessitate rescission of the loan along with a return of all funds, in addition to compensatory damages and punitive damages. Defendant Mr. Cooper argues that Plaintiffs' TILA claims should be dismissed because they are time barred, and because there is no statutorily granted private right of action. The court will evaluate Plaintiffs' claim for rescission pursuant to TILA separate from Plaintiffs' claim for damages pursuant to TILA.

The court finds that a claim for rescission might be brought under TILA, 15 U.S.C. § 1635(a), so the court will address Defendant's statute of limitations argument.

### a) Rescission

Defendant argues that Plaintiffs' claim for rescission is time-barred. (Def.'s Mot. at PageID 184.) TILA, at 15 U.S.C. § 1635(f), states that an "obligor's *right* of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f) (emphasis added).

The court notes that, "Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, where "the allegations in the complaint affirmatively show that the claim is time-barred[,]" dismissal under Rule 12(b)(6) is appropriate. *Id.*

Courts have found that "the time limit for rescinding a loan transaction under a separate provision of TILA extinguishes the right itself, as opposed to the right to a remedy, and thus is not a typical statute of limitations." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998). Indeed, TILA's three-year rescission limitation is considered a statute of repose. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) ("We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, *defensively or otherwise*, after the 3-year period of § 1635(f) has run.") (emphasis added); *Campbell v. Deutsche Bank Nat. Tr. Co.*, No. 2:11-CV-10068, 2011 WL 2533577, at *4 (E.D. Mich. June 27, 2011) ("TILA claims are also subject to a three-year statute of repose."). Further, TILA's rescission provision is not subject to equitable tolling. *Reed v. Deutsche Bank Nat. Tr. Co.*, No. 1:09-CV-692, 2009 WL 3270481, at *4 (W.D. Mich. Oct. 5, 2009) (collecting cases).

Plaintiffs allege that they entered into the loan on June 20, 2019, (Am. Compl. ¶ 5). Thus, any right to rescind expired in June of 2022. Therefore, Plaintiffs have failed to state a claim for rescission, because, on the face of the Amended Complaint, their TILA rescission claim is time-barred.

### b) Damages

Plaintiffs are unclear regarding the basis upon which they seek damages under TILA. In their Amended Complaint, Plaintiffs seek damages for alleged violations of TILA under "15 U.S.C. § 1611, *et seq*." (Am. Compl. at PageID 136.) Construing their *pro se* pleadings liberally, Plaintiffs' Amended Complaint appears to allege violations of 15 U.S.C. §§ 1638(a) and invokes 15 U.S.C. § 1640(a) which provides consumers with a cause of action and governs the availability of damages for certain violations of Section 1638. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)

("Prior to extending credit to a consumer in a residential mortgage transaction, among the items a creditor must disclose is the estimated finance charge the creditor will impose. 15 U.S.C. §§ 1638(a)(3), (b)(2). A creditor who fails to make the required disclosures is liable to the consumer for damages, costs, and attorney fees. § 1640(a).")

However, in their "Answers to Motion to Dismiss" (hereinafter "Opposition"), Plaintiffs construe their TILA damages claim as one arising under 15 U.S.C. § 1641(g), and take issue with the assignment of their mortgage. (ECF No. 13 at PageID 226, Pls.' Opp'n.) Defendant argues that Plaintiffs cannot change the basis of their claim in their Opposition, and that, in any case, their claim for damages is time-barred. (Def.'s Reply at PageID 235, 237, ECF No. 14.) The court agrees.

Plaintiffs' Amended Complaint makes no mention of assignment with respect to its allegations that Mr. Cooper violated TILA. A court considering a motion to dismiss "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

> If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. See Fed. R. Civ. P. 15(a). Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.

*Id.* Thus, the court will not consider Plaintiffs' argument with respect to assignment.

Further, the court finds that Defendant's argument that the damages claim is time-barred to be well-taken. Even if Plaintiffs' Amended Complaint could be read to properly state a claim for damages, it was filed outside the one-year period allowed in the statute. Section 1640(e) states that "any action under this section may be brought in any United States district court, or in any other

court of competent jurisdiction, within *one year* from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640 (emphasis added).

The court again notes that a Rule 12(b)(6) Motion is generally an inappropriate vehicle through which to consider a statute of limitations affirmative defense. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, where "the allegations in the complaint affirmatively show that the claim is time-barred[,]" dismissal under Rule 12(b)(6) is appropriate. *Id.*

Unlike a TILA claim for rescission, the one-year limitation on a TILA claim for damages is considered a traditional statute of limitations, and equitable tolling may apply. *See Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 844 (N.D. Ohio 2010); *see also Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998) ("[B]ased on the structure and purpose of TILA, we hold that the statute of limitations contained in § 1640(e) is not jurisdictional and is therefore subject to equitable tolling.").

The statute of limitations for a TILA damages claim "begins to run when lender and borrower contract for the extension of credit." *Id.* (citations omitted). That said, equitable tolling may be available "when inequitable circumstances prevent a plaintiff from suing before the statutory period runs." *Girgis,* 733 F. Supp. at 844 (citing *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003), aff'd, 172 Fed. App'x 652 (6th Cir. 2006) (unpublished). Generally, the application of equitable tolling is rare, and is available "only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The Federal Rules of Civil Procedure "require that the acts constituting fraudulent concealment of a claim be pled in the complaint." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th Cir. 2006) (citing Fed.R.Civ.P. 9(b)).

To establish equitable tolling by the doctrine of fraudulent concealment, a plaintiff must allege facts in the complaint which support the following: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action. *Pinney Dock and Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988); *see also Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009); *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 841 (E.D. Mich. 2010).

Plaintiffs allege that "Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages." (Am. Compl. ¶ 22.) However, the court finds that this conclusory assertion falls substantially short of what a plaintiff must allege on the face of a complaint to establish equitable tolling by the doctrine of fraudulent concealment. Thus, even construing Plaintiffs' allegations as inferentially regarding equitable tolling, the court finds that they are insufficient to warrant that relief.

Plaintiffs allege that they entered into the loan on June 20, 2019. (Am. Compl. ¶ 5.) Given the absence of sufficient allegations on the face of the Complaint to sustain an equitable tolling argument, any entitlement to damages expired June 20, 2020. Therefore, the court holds that Plaintiffs are not entitled to damages on this TILA claim because it is time-barred.

Because Plaintiffs have not timely stated a claim for either rescission or damages, thus the court grants Mr. Cooper's Motion to Dismiss Plaintiffs' TILA claims.

**2. Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et seq.**

Plaintiffs allege that Mr. Cooper and other unknown loan servicers violated the Real Estate

Settlement Procedures Act of 1974 ("RESPA") by "unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned[,]" (Am. Compl. ¶ 25), and by transferring the loan service contract without the requisite notice, (*Id.* ¶ 26). Mr. Cooper argues that this claim is also time-barred. Defendant's argument is well-taken.

Plaintiffs allege that they entered into the loan on June 20, 2019. (Am. Compl. ¶ 5.) Thus, RESPA violations in relation to the initiation of the loan were statutorily required to have been filed by June 20, 2020. Further, Plaintiffs fail to allege any date or time period during which the alleged transfer without notice occurred.

That said, Plaintiffs do argue that all ownership interest in their mortgage was sold in March 10, of 2020. (ECF No. 13 at PageID 222, Pls.' Answer.) Even assuming that the date of the alleged sale of the debt occurred is the transfer date of reference, Plaintiffs' RESPA claim is subject to the statute of limitations, which expired in March of 2021. Plaintiffs make no argument regarding the tolling of the statute of limitations, and the court finds that Plaintiffs have not alleged facts from which the court could infer a tolling argument. Thus, the court dismisses Plaintiffs' RESPA claim as time-barred on the face of their Complaint. Therefore, the court finds that it is unnecessary to address Mr. Cooper's argument with respect to actual damages.

**3. Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602 et seq.**

Plaintiffs allege that Defendants violated the Home Ownership and Equity Protection Act (HOEPA) when they placed and administered a loan without regard to Plaintiffs' income and with the intention of inducing a default. (Am. Compl. ¶ 32.) Mr. Cooper argues that this claim is also time-barred. The court agrees. The TILA statute of limitations applies to claims under HOEPA. *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 845 (N.D. Ohio 2010) ("Since

HOEPA is an amendment to TILA, and the former is incorporated into the latter, the same statute of limitations prescribed under 15 U.S.C. § 1640(e) applies."); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-CV-10264-GER, 2012 WL 1094333, at *4 (E.D. Mich. Mar. 30, 2012) ("This one-year statute of limitations applies to both TILA and HOEPA claims."). Plaintiffs' HOEPA claim is time-barred pursuant to the above statute of limitations analysis. Thus, the court dismisses Plaintiffs' HOEPA claim as time-barred.

### 4. Fair Debt Collection Practices Act, 15 U.S.C. § 1692

Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") when, upon Plaintiffs' requests for the validation of the debt under FDCPA, Mr. Cooper did not respond to Plaintiffs' demands in compliance with the Act "on more than one occasion[.]" (Am. Compl. ¶ 37.)

To prevail on an FDCPA claim, Plaintiffs must prove:

> (1) plaintiff was a "consumer" as defined by the statute; (2) the debt arose out of transactions which are "primarily for personal, family or household purposes"; (3) defendant was a "debt collector" as defined by the statute; and (4) defendant violated the prohibition(s) set forth in the FDCPA.

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). A failure to establish any one of the elements proves fatal to the claim. *Id.* Mr. Cooper argues that Plaintiffs have failed to adequately plead any facts which fit the definition of a debt collector under the FDCPA. The court agrees.

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted

-16-

to be owed or due another." 15 U.S.C.A. § 1692a(6). Plaintiffs state only that "Defendants and each of them are 'debt collectors' either directly or through agents as that term is used in the United States Code." (Am. Compl. ¶ 36.) However, Plaintiffs allege no facts to show that Defendants are debt collectors. As discussed, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiffs' conclusory assertion, without more, cannot sustain an FDCPA claim. *See e.g.*, *Montgomery v. Huntington Bank*, 346 F.3d 693, 701 (6th Cir. 2003) ("[O]ther than conclusorily stating that Silver Shadow is a "debt collector," he has not alleged that Silver Shadow is a business whose "principal purpose" is debt collection, or that it regularly collects or attempts to collect debts owed to another."); *Swallow v. Wells Fargo Bank, N.A.*, 713 F. Supp. 3d 420, 424 (N.D. Ohio 2024) (finding that a debtor's mere assertion that a bank was in "the business of collecting a debt" failed to state an FDCPA claim). Plaintiffs have failed to allege facts sufficient to sustain one of the necessary elements of its FDCPA claim. Thus, the court grants Mr. Cooper's Motion to Dismiss Plaintiffs' FDCPA claim.

### 5. State Law Claims

Plaintiffs' remaining claims for the Breach of Covenant of Good Faith and Fair Dealing, Injunctive Relief requiring Defendants to produce the original mortgage note, Injunctive Relief to extinguish Defendants' rights to the property in question, Declaratory Relief as to the ownership rights of the parties, Fraud against all Defendants, Fraud against Mr. Cooper, and Fraud under the Ohio Residential Mortgage Loan Act ("RMLA"), Ohio Revised Code § 1322.01, *et seq.*, arise under state law. The Sixth Circuit has held that, "[u]nder 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally

should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)); *See also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.") This case was filed on February 16, 2024, approximately one year ago, and no discovery has occurred. Further, the court has dismissed all of Plaintiffs' federal law claims. Given these circumstances, the court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### 6. Unnamed Defendants

Plaintiffs have purported to sue fifty unnamed defendants, referred to as "DOES 1 through 50 Inclusive[.]" However, because they have neither been named nor served with process, the court dismisses without prejudice Plaintiffs' claims against these unnamed defendants.

### IV. CONCLUSION

For the foregoing reasons, the court denies Plaintiffs' Motion to Show Cause (ECF No. 5), Motion for Default (ECF No. 16), and Motion to Strike (ECF No. 18). The court denies Defendant Mr. Cooper's Motion to Dismiss Plaintiff's original Complaint (ECF No. 7) as moot. The court grants Mr. Cooper's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 12) in regard to Plaintiffs' claims for violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, Home Ownership and Equity Protection Act, and Fair Debt collection Practices Act. The court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and hereby

dismisses such claims pursuant to 28 U.S.C. § 1367(c)(3). Plaintiffs claims against the fifty unnamed does are dismissed without prejudice.

    IT IS SO ORDERED.

                                                                                  */s/ SOLOMON OLIVER, JR.*
                                                                                  UNITED STATES DISTRICT JUDGE

February 27, 2025